IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-17-68-R |
| | ) CIV-24-353-R |
| JAMES CORNELIUS CHRISTIAN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant James Cornelius Christian's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 127]. As explained below, the Court lacks jurisdiction to entertain Defendant's § 2255 motion.[1]

Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. No. 70]. After his conviction and sentence were affirmed on appeal [Doc. No. 82], Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [Doc. No. 87]. The Court denied the motion and the Tenth Circuit denied a Certificate of Appealability [Doc. Nos. 97, 105]. Defendant then sought leave from the Tenth Circuit to file a second or successive § 2255 motion, which was denied. Defendant subsequently filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(a)(1)(A) which included arguments that attacked the validity of his sentence [Doc. No. 107]. The Court

---

[1] Defendant's motion also asserts claims pursuant to 18 U.S.C. § 3582(c)(2). If Defendant wishes to seek relief under this provision, he should file a separate motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

1

denied the request for compassionate release and dismissed the remaining arguments as an unauthorized second or successive motion under § 2255 [Doc. No. 113]. Defendant's subsequent motion to reconsider under Rule 60(b) was also dismissed for lack of jurisdiction [Doc. No. 116]. Defendant appealed and the Tenth Circuit denied a Certificate of Appealability [Doc. No. 124].

Given this procedural history, Defendant's present motion is a second or successive motion for relief under 28 U.S.C. § 2255. However, Defendant has not obtained permission from the Tenth Circuit to file a second or successive motion as required by 28 U.S.C. § 2255(h). As a result, this Court has no jurisdiction to consider the merits of the motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Where a second or successive § 2255 motion "is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id*. at 1252. If "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter[.]" *Id*. Here, the Court declines to automatically transfer Defendant's motion because Defendant has not cited to any evidence or authority that would meet the certification requirements outlined in 28 U.S.C. § 2255(h).

Accordingly, Defendant's second or successive motion for relief under 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction. A certificate of appealability is DENIED.

IT IS SO ORDERED this 15th day of April, 2024.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE